NEWS LEADER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33675.   Promulgated February 17, 1930.

*R. E. Cabell, Esq.*, for the petitioner.

*Ralph S. Scott, Esq.*, and *E. M. Niess, Esq.*, for the respondent.

1214

[REDACTED]

OPINION.

TRAMMELL: The petitioner contends that the amount of $70,000 paid by it in 1923 in connection with the contract is allowable as a business expense for the year in which paid. It also contends that, in the event the entire amount of $70,000 is held not to be deductible in 1923, it be allowed as a deduction for 1923 and 1924 an aliquot portion of the amount computed on the basis of the contract having a life of five years.

So far as the publication of an afternoon paper was concerned, the contract had the effect of eliminating the Times-Dispatch as a competitor of the petitioner for a period of five years. That this was a valuable asset which extended beyond the year acquired is indicated by the fact that during the following year the petitioner's circulation showed an increase of approximately 166 per cent over the normal growth in circulation. The expenditure being for an asset whose life extended beyond the year in which acquired, we think that the respondent properly disallowed a deduction on account thereof in the year when made as an ordinary and necessary expense. It was of a capital nature.

Inasmuch as the contract by its own terms was limited to a period not to exceed five years, we think the petitioner is entitled to have the contract exhausted ratably over its life from November 9, 1923, and to a deduction each year of the portion of the $70,000 applicable to such year. *Christensen Machine Co.*, 18 B. T. A. 256; *Black River Sand Corporation*, 18 B. T. A. 490.

*Judgment will be entered under Rule 50.*